## HANEWALD, d. b. a. LINDEN NITE CLUB, Appellant, v. BOARD OF LIQUOR CONTROL et, Appellees.

Ohio Appeals, Second District, Franklin County.

No. 5289.   Decided October 28, 1955.

Milton L. Farber, Columbus, for appellant.

Hon. C. Wm O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty Genl., Columbus, for appellees.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By FESS, J.

Appeal on questions of law from a judgment of the Common Pleas Court finding that the order of the Board of Liquor Control suspending appellant's Class D-5 permit for a period of thirty days is supported by reliable, probative and substantial evidence, is in accordance with law, and affirming such order.

The appellant was charged with selling and allowing to be consumed in the permit premises beer to Charles Beebe, a minor aged seventeen years, and to Stephen Jones, a minor aged fifteen years, in violation of the Liquor Control Act and regulations of the Board. A review of the record discloses that Charles Beebe went to appellant's place of business about 11:30 or 12:00 P. M. on October 30, 1954, and asked some acquaintances who were seated in a booth whether they were ready to go home. Among those in the booth was Stephen Jones. One of those in the booth said: "Come on, have a beer" and beer was ordered from appellant's employee. The exact number of young people seated in the booth is not revealed, but four glasses of beer were set upon the table. Beebe testified that one glass of beer was placed in front of him but that he pushed it away and did not drink it. One of the inspectors, however, testified that the glass in front of Beebe had been partially consumed. The fifteen year old Jones is six feet, one inch tall and weighs 198 pounds. Plaintiff's employees inquired of him as to his age and the boy showed him a draft card which later was discovered to be that of his older brother. Part of the beer in front of Jones was consumed. The beer delivered to the table was paid for by Beebe.

As to Beebe, it is contended that there was no sale, but we agree with the Common Pleas Court that there is reliable, probative and substantial evidence to refute this contention. The record is silent as to who ordered the beer, but when it was delivered one glass was placed in front of Beebe who paid for all four glasses.

The principal question raised upon this appeal is the contention of appellant that scienter on the part of the permit holder is an essential element upon which to predicate the suspension. It is asserted that the bartender exercised reasonable diligence to ascertain the age of Jones.

Sec. 4301.22 R. C. provides, in part, as follows:

"Sales of beer and intoxicating liquor under all classes of permits * * * are subject to the following restrictions, in addition to those imposed by the rules, regulations or orders of the Department of Liquor Control:

"(A) No beer shall be sold to any person unless he is 18 years of age. * * *"

Where a statute defines an offense regardless of scienter, and the means of knowledge are available to the accused or the act is such as to impose a duty (in the interest of the public weal) upon the offender at his peril to ascertain the fact of violation, knowledge is not an essential element to support conviction; but under a charge of violating a statute which does not by its terms include scienter as an element of the offense, where the means of knowledge or the circumstances are such that the accused is not bound at his peril to know the fact and obey the law, proof of knowledge of the fact is essential to support a conviction. **State v. Williams, 94 Oh Ap 249.** Since the means of knowledge of the minority of the purchaser are not available to the seller with any degree of certainty, were we construing §4301.22 R. C. as a case of first impression, it could well be held that proof of knowledge of minority is essential to support conviction.

But except as it involves construction of §4301.25 R. C. relating to suspension of permits, this case is not one of first impression. It has been held that a person who sells intoxicating liquor to a child under eighteen, thereby causing intoxication, induces its delinquency even though such seller honestly believed at the time of such sale that the child is of proper age. **State v. Kominis, 73 Oh Ap 204.** In the Kominis case the child while only fifteen years of age, was six feet, two inches tall, weighed 170 pounds and appeared older than his actual age.

Likewise in **State v. Buttery, 95 Oh Ap 236,** the contention of the defendant that proof of knowledge that he sold beer to a minor under eighteen years of age is an essential element of the crime was overruled. "In a prosecution for selling liquor to a minor, under a statute which forbids or makes unlawful such sale, but does not expressly or by clear implication make ignorance of minority a defense, the seller's ignorance that the buyer was a minor, or bona fide belief that he was of legal age, is not available as a defense." 115 A. L. R. 1230.

Ignorance of minority does not constitute a defense in a prosecution for contributing to the delinquency of a minor. **State v. Davis, 95 Oh Ap 23.** See also **State v. Hannawalt, 26 Abs 641.**

It is to be observed that in construing §4301.22 R. C., the rule of strict construction of a criminal statute is to be applied and proof of violation must be had beyond a reasonable doubt; on the other hand, §4301.25 R. C. is a civil statute requiring reliable, probative and substantial evidence to support revocation or suspension of a permit. In the instant case the minority of the boys in question is undisputed.

It is therefore concluded that in Ohio a permit holder sells intoxicants to a minor at his peril and may not be absolved from guilt by reason of ignorance of such minority.

Nevertheless, evidence of good faith, ignorance of minority, precautions taken by the permit holder to ascertain the age of a customer, and deceit practiced by the minor inducing a sale, is admissible at the hearing before the Board to be considered by it in the imposition of the penalty. Under the circumstances of the instant case the penalty of thirty days suspension appears severe, but does not constitute an abuse of discretion.

The judgment of the Common Pleas Court is affirmed.

MILLER, PJ, HORNBECK, J, concur.