Fogt, Appellee, *v.* Ohio State Racing Commission, Appellant.

[Cite as Fogt v. Ohio State Racing Commission, 3 Ohio App. 2d 423.]

(No. 195—Decided April 21, 1965.)

*Messrs. Garmhausen, Lewis & Kerrigan,* for appellee.

*Mr. William B. Saxbe,* attorney general, and *Mr. James E. Rattan,* for appellant.

Kerns, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Shelby County, which reverses a previous order of the Ohio State Racing Commission.

Eugene Fogt, appellee herein, is a driver and trainer of harness horses, and on October 10, 1959, was the trainer of a horse named Ike Wilmington, which won the fourth race at Scioto Downs, Columbus, Ohio.

Urine samples taken from the horse after the race disclosed a drug in the nature of procaine, and, thereafter, the appel-

lee was cited to appear before the Ohio State Racing Commission for a violation of Rule 259.01, Ohio Rules of Racing.

At the hearing before the commission, the appellee admitted that the horse Ike Wilmington had been administered a penicillin drug called "Duracillin" within forty-eight hours prior to the race.

The present appeal is prosecuted by the Ohio State Racing Commission under favor of Section 119.12, Revised Code, and the first assignment of error challenges the trial court's interpretation of Section 119.07, Revised Code, which provides in pertinent part as follows:

"* * * Such notice shall be given by registered mail, return receipt requested, and shall include the charges or other reasons for such proposed action, the law or rule directly involved, and a statement informing the party that he is entitled to a hearing if he requests it within thirty days of the time of mailing the notice. The notice shall also inform the party that at the hearing he may appear in person, by his attorney, or by such other representative as is permitted to practice before the agency, or may present his position, arguments, or contentions in writing and that at the hearing he may present evidence and examine witnesses appearing for and against him.* * *

"* * *

"The failure of an agency to give the notices for any hearing required by Sections 119.01 to 119.13, inclusive, of the Revised Code, in the manner provided in this section shall invalidate any order entered pursuant to such hearing."

In the Common Pleas Court, the appellee successfully argued that the notice issued in the present case was defective in that it did not meet the requirements of Section 119.07, Revised Code, and the record amply supports the trial court's conclusion that the notice of the hearing was defective.

However, it is equally clear from the record that the appellee appeared in person before the Racing Commission; that he expressly indicated he wanted to proceed without a lawyer; that he specifically waived any defects in the notice of the alleged violation of Rule 259.01; and that he specifically consented to an amendment of the original citation to include an alleged violation of Rule 264.

After agreeing to proceed with the hearing, the appellee

was estopped from thereafter denying the validity of the commission's order on the ground that the notice issued to him was defective.

"A person entitled to statutory notice may waive it, or any feature of it, or may, by his conduct, acknowledge the giving of notice to him, so as to be precluded from afterward challenging the proceeding for want of notice." 41 Ohio Jurisprudence 2d 47, Section 28.

Although the parties to an action may not agree or consent to jurisdiction of the subject matter, it is fundamental that jurisdiction over the person may be waived. 1 Ohio Jurisprudence 2d 489, Section 89. And it appears from the record of the proceedings before the Ohio State Racing Commission in the instant case that it would have been a vain act, and contrary to the wishes of the appellee himself, to have delayed the hearing so that proper notice might issue. It has frequently been said that knowledge is not notice, but knowledge, coupled with facts showing an express waiver and consent, precludes any subsequent objection to the form of notice. Indeed, the absurd consequences of any alternative conclusion are manifest in view of the sole purpose of the required notice. Accordingly, the appellant's first assignment of error is well made.

The second assignment of error, as stated by the appellant, is that "the Court of Common Pleas erred in holding that Rule 259.01 of the Ohio Rules of Racing was unreasonable and contrary to law."

Rule 259.01 provides as follows:

"The trainer shall be the absolute insurer of, and responsible for, the condition of the horses entered in a race, regardless of the acts of third parties. Should the chemical or other analysis of saliva or urine samples, or other tests, prove positive, showing the presence of any narcotic, stimulant, depressant, chemical or drug of any kind or description, the trainer of the horse may, in the discretion of the commission, be subject to any or all of the following penalties: Suspension, revocation of license, being ruled off."

In applying this rule, the Court of Common Pleas apparently considered it unreasonable to make a trainer an absolute insurer of the condition of his horse.

Admittedly, the application of the rule to the appellee in

the present case appears somewhat harsh in view of the evidence presented at the hearing before the Racing Commission, but we cannot agree that the general application of the rule to horse racing in the state of Ohio is arbitrary or unreasonable. Horse racing, at its best, is difficult to control, and would be practically impossible to regulate if every governing rule and regulation was made dependent for validity upon the knowledge or motives of the person charged with a violation.

Guilty knowledge or intent are not necessarily indispensable to the validity of a regulation designed for the protection and general welfare of the public. *Hanewald* v. *Board of Liquor Control*, 101 Ohio App. 375. See, also, *State* v. *Weisberg*, 74 Ohio App. 91; *State* v. *Morello*, 169 Ohio St. 213; 15 Ohio Jurisprudence 2d 264, Section 29.

In the present case, there is no evidence of guilty intent, but this fact alone does not render the rule itself unconstitutional. On the contrary, when viewed in the light of its overall purpose, the business to which it relates, and the potential evil which it is designed to prevent, we cannot say that the rule is unreasonable. Manifestly, it would be almost impossible to prove guilty knowledge or intent in cases of this kind, and the futility of prosecutions under a rule requiring probative evidence of guilty knowledge and intent would eventually leave the public interest and welfare to the mercy of the unscrupulous.

The second assignment of error will therefore be sustained.

For its third assignment of error, the appellant contends that the Court of Common Pleas erred in holding that Rule 264 of the Ohio Rules of Racing is too loosely drawn to be effective.

Such rule provides as follows:

"No internal medication of any kind shall be administered to a horse on prescription or otherwise, within forty-eight hours prior to a race in which the horse is entered or may be entered. If, after making entry, an owner or trainer deems it necessary to administer such medication, he shall advise the stewards and if they consent to such administration they shall order the horse scratched."

The Court of Common Pleas apparently concluded that the rule was too loosely drawn to be effective because of uncertainty over what would be required under the rule if a

report was made to the stewards but they did not approve of medication.

However, we fail to perceive from the record before us how this part of the rule has any application in the present case. Here, the appellee admitted that he gave the horse medication within forty-eight hours prior to the race and failed to so advise the stewards or anyone else.

Although a rule or statute, under some applications, might be declared invalid, it will not be so held in a case which does not involve an unconstitutional application of the rule or statute. *State, ex rel. Herbert,* v. *Ferguson, Aud.,* 142 Ohio St. 496; *State, ex rel. Speeth,* v. *Carney, Aud.,* 163 Ohio St. 159; *State* v. *Wetzel,* 173 Ohio St. 16. A court will not anticipate prospective incidents or speculate on facts which are no part of the record to declare a rule or law unconstitutional.

As the question is presented to us, we are of the opinion that Rule 264 is valid and enforceable.

Although the appellant's order is supported by reliable, probative and substantial evidence under the governing rules, we reiterate that there is no evidence of intentional wrongdoing on the part of the appellee in this case. Under such circumstances, and upon the record before us, the ten-month suspension by the appellant appears to be quite severe, but the penalty cannot be disturbed in the absence of a showing of an abuse of discretion.

The judgment of the Court of Common Pleas must be reversed and the cause remanded for execution of the order of the Ohio State Racing Commission.

*Judgment reversed.*

SHERER, P. J., and CRAWFORD, J., concur