THE STATE OF OHIO, APPELLEE, *v.* WOERNER, APPELLANT.

THE STATE OF OHIO, APPELLEE, *v.* DUPLER, APPELLANT.

(Nos. 83AP-540 and 83AP-785—Decided March 1, 1984.)

Mr. Gregory S. Lashutka, city attorney, Mr. Ronald O'Brien and Mr. David Tingley, for appellee.

Mr. Thomas J. Conaty, for appellant Woerner.

Mr. J. Elliott Van Dyne, for appellant Dupler.

McCORMAC, P.J. Defendants-appellants, Therron Woerner and Ralph J. Dupler, entered no contest pleas to violations of R.C. 4511.19(A)(3), after which the court found them guilty as charged and sentenced them accordingly. The appeals raise identical assignments of error and are combined for disposition.

Defendants have asserted the following assignments of error:

"I. Section 4511.19(A)(3) Ohio Revised Code fails to adequately notify the accused as to the act that is prohibited and as such violates due process of law as required by the 14th Amendment of the United States Constitution.

"II. Section 4511.19(A)(3) Ohio Revised Code and the penalty sections which apply to it differentiate penalties between classes of offenders without a rational basis and therefore deny the accused equal protection of law in violation of the 14th Amendment of the United States Constitution.

"III. Section 4511.19(A)(3) creates a conclusive presumption of guilt thereby denying the accused due process of law in violation of the 14th Amendment of the United States Constitution.

"IV. Section 4511.19(A)(3) creates guilt upon the basis of a chemical test which is not reasonably related to individual consumption or degree of impairment and therefore creates an unreasonable classification and denies equal protection of law."

R.C. 4511.19(A)(3) provides, as pertinent, as follows:

"(A) No person shall operate any vehicle, * * * within this state if * * *:

"* * *

"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;"

Defendants contend that R.C. 4511.19(A)(3) is unconstitutional, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution, because it fails to adequately notify the accused as to the act that is prohibited.

The test for determining whether a provision of a criminal statute is in violation of the Due Process Clause of the Fourteenth Amendment because of vagueness is whether it gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by law. State v. Dorso (1983), 4 Ohio St. 3d 60, 61. Defendants argue that it is not illegal to drink and drive, and that an ordinary citizen has no means of knowing whether the amount that he has been drinking places him in violation of R.C. 4511.19(A)(3).

While it is true that most people will be unaware of the exact point in their alcohol consumption when the test results will reach the statutory standard, that alone does not render R.C. 4511.19(A)(3) unconstitutional for vagueness. R.C. 4511.19(A)(3) warns anyone contemplating driving an automobile while drinking alcoholic beverages that there is a certain point at which he will have consumed sufficient alcoholic beverages to make illegal his operation of a motor vehicle. Thus, R.C. 4511.19(A)(3) gives fair warning to those contemplating driving while drinking alcoholic beverages that they take care not to exceed the point where driving is prohibited. Moreover, charts are

readily available to provide rough guidelines to drinkers of the amount of alcohol that must be consumed to arrive at a certain test result, which guidelines are variable according to weight of the individual and time during which the alcoholic beverages are consumed. There is sufficient information available to inform the average driver of the approximate number of drinks that may be consumed. Additionally, it should be kept in mind that the standard of illegality specified by R.C. 4511.19(A)(3) is, according to leading experts, the point where every individual's driving ability is materially affected. Thus, the driving ability of many persons must be materially affected before reaching that point. It is not unreasonable to place the burden upon a drinking driver to stop drinking sufficiently short of the statutory guideline to allow for miscalculations.

R.C. 4511.19(A)(3) is specific rather than vague. Vague laws allow discriminatory enforcement because they fail to provide specific standards for enforcement. *Columbus* v. *New* (1982), 1 Ohio St. 3d 221, 225. This aspect of vagueness has been recognized by the United States Supreme Court as the most important aspect of the vagueness doctrine. *Kolender* v. *Lawson* (1983), 75 L.Ed. 2d 903.

We agree with the Utah Supreme Court which, in rejecting a void for vagueness attack on a similar statute, stated:

"* * * We can see no reason why a person of ordinary intelligence would have any difficulty in understanding that if he has drunk anything containing alcohol, and particularly any substantial amount thereof, he should not attempt to drive or take control of a motor vehicle." *Greaves* v. *State* (Utah 1974), 528 P.2d 805, 808.

Appellants' first assignment of error is overruled.

Appellants secondly argue that R.C. 4511.19(A)(3) and the penalty sections which apply to it are unconstitutional, in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, because a similar offender may be treated differently in a mayor's court under violation of a municipal ordinance. There is no validity to this contention. The Equal Protection Clause of the Fourteenth Amendment requires that individuals who are similarly situated shall receive the equal protection of the law. All defendants who are charged with driving under the influence of alcohol under R.C. 4511.19(A)(3) are subject to the same penalties. The fact that others who are charged with an offense under a municipal ordinance are treated differently does not render R.C. 4511.19 (A)(3) unconstitutional.

Appellants' second assignment of error is overruled.

Appellants thirdly assert that R.C. 4511.19(A)(3) creates a conclusive presumption of guilt thereby denying the accused due process of law in violation of the Fourteenth Amendment to the United States Constitution.

The fallacy in this argument is that the breath-alcohol content prescribed by R.C. 4511.19(A)(3) is an element of the crime itself which must be proved beyond a reasonable doubt rather than a conclusive presumption. A presumption is an evidentiary or procedural rule which the law makes upon proof of a given state of facts. There is no presumption in R.C. 4511.19(A)(3). The breath-alcohol content is simply an element of the offense which the state must prove beyond a reasonable doubt by proper evidence. Regardless of how defendant appears, acts, or drives, he is guilty of the offense if he drives a motor vehicle exceeding the prescribed concentration of alcohol in his breath.

Appellants' third assignment of error is overruled.

Appellants finally contend that R.C.

4511.19(A)(3) is unconstitutional in violation of the Equal Protection Clause of the Fourteenth Amendment because it creates guilt upon the basis of a chemical test which is not reasonably related to individual consumption or degree of impairment.

The General Assembly has the constitutional authority to define offenses and presumably could prohibit the operation of motor vehicles when a motorist has consumed any alcohol. Although individual reaction to drinking a specified amount of alcohol may vary, the General Assembly has, after appropriate legislative hearings and presumably based upon scientific evidence, decided that there is universal impairment of motorists at or above the prescribed level. The fact that some persons may be more impaired at that level than others and still receive the same penalty does not render the statute constitutionally invalid.

Appellants' fourth assignment of error is overruled.

Appellants' assignments of error are overruled and the judgments of the trial court are affirmed.

*Judgments affirmed.*

STRAUSBAUGH and WHITESIDE, JJ., concur.