THE STATE OF OHIO, APPELLEE, *v.* PISTOLE, APPELLANT.

(No. 83AP-1222—Decided March 29, 1984.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien,* city prosecutor, and *Mr. David E. Tingley,* for appellee.

*Mr. James P. Kura,* county public defender, and *Mr. Allen V. Adair,* for appellant.

NORRIS, J. Defendant-appellant, Stephen D. Pistole, raises the following assignment of error:

"Ohio Revised Code Section 4511.19 (A)(3) is constitutionally defective because it fails to provide motorists with reasonable means of ascertaining and avoiding the conduct proscribed by the statute."

To the extent that the assignment of error contends that R.C. 4511.19(A)(3) is unconstitutionally vague and therefore void, the assignment of error is overruled on the authority of *State* v. *Woerner* (1984), 16 Ohio App. 3d 59.

Appellant's contention that it was not within the power of the General Assembly to impose "strict criminal liability" for a condition that cannot be readily ascertained — that a person's "breath-alcohol" level exceeds the specified concentration — is not well-taken. Although at common law a crime consisted of a combination of a criminal act and criminal intent (see Clark & Marshall, Crimes [1952] 59), criminal intent is not a necessary element of every

crime in jurisdictions where crimes are defined by statute. See *State* v. *Healy* (1951), 156 Ohio St. 229 [46 O.O. 110], paragraph two of the syllabus. Where there is a particular need for innocent members of the public to be protected from the type of inherently dangerous conduct which is the ultimate target of the statute, it is within the power of the General Assembly to place the burden upon the actor of ascertaining at his peril whether his deed is within the prohibition of the statute, as long as this burden is neither unfair nor unreasonable. See, *e.g., State* v. *Conley* (1971), 32 Ohio App. 2d 54, 56-57 [61 O.O.2d 50]; *Hanewald* v. *Bd. of Liquor Control* (1955), 101 Ohio App. 375, 376-377 [1 O.O.2d 313].

In view of the danger inherently posed to members of the public by drinking drivers, it is both fair and reasonable to require a person who elects to operate a motor vehicle after having consumed alcoholic beverages to ascertain at his peril whether he has consumed sufficient alcohol so that his "breath alcohol" concentration has reached the level proscribed by R.C. 4511.19(A)(3).

The assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCormac, P.J., and Whiteside, J., concur.