### Slagel v.
### Liquor Control Commission
*[Cite as 6 AOA 83]*

*Case No. 1932*
*Lawrence County, (4th)*
*Decided August 8, 1990*

*Craig A. Allen, Allen and Payne, Ironton, Ohio, for Appellee.*

*Anthony J. Celebrezze, Attorney General of Ohio, Chester T. Lyman, Assistant Attorney General and Kurt O. Gearhiser, Assistant Attorney General, Columbus, Ohio, for Appellant.*

STEPHENSON, J.

This is an appeal from a judgment entered by the Lawrence County Court of Common Pleas reversing an order of the Ohio Liquor Control Commission suspending the carryout permit of Robert B. Slagel, Ironton, Ohio for unlawful sale of beer to a minor. The following error is assigned.

"THE LAWRENCE COUNTY COMMON PLEAS COURT ERRED IN RULING THAT 4301.69(C) WAS THE CONTROLLING FACTOR IN THE CASE. THE LIQUOR CONTROL COMMISSION DECISION WAS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND WAS IN ACCORDANCE WITH LAW."

The record reflects the following facts pertinent to this appeal. On August 26, 1988, Stephen Wilson was an employee of Robert B. Slagel, who operated a carryout in Ironton, Ohio under permits issued by the Ohio Department of Liquor Control. On August 26, 1988, Wilson sold a 12 pack of Natural Light beer and a quart of Budweiser beer to Teresa Crowe, age 16 years, through the drive-in window of the carryout.

The sale was observed by two investigators of the Ohio Department of Liquor Control. After Crowe left the carryout she was stopped and was found to have a valid Kentucky driver's license which reflected her age as 16 years. Crowe and the investigators returned to the carryout and a citation was issued for selling beer to a person under twenty-one years of age.

A hearing was held upon the sale violation before the Liquor Control Commission on November 15, 1988. Appellee denied the violation but stipulated the investigator's report which sets out, essentially, the facts which are above set forth. Teresa Crowe was called as a witness by the Department of Liquor Control.

"By Mr. Gordon:
"Q. Identify yourself, please.
"A. Teresa Crowe.
"Q. And the date of birth?
"A. January 13 of '72.
"Q. How old were you on August 26, 1988?
"A. 16.

"Q. And were you at the Carryout on Second Street on that day?
"A. Yes.
"Q. What did you buy?
"A. I guess it was a case of beer and -- it was something else. A quart, I think, of beer.
"Q. Quart and a case of beer.
"A. Yes.
"Q. Were you asked for an ID?
"A. No.
"Q. Had you ever purchased anything there before?
"A. Yes.
"Q. Alcoholic beverages?
"A. Yes?
"Q. And had you ever been asked for an ID?
"A. Yes.
"Q. And had you produced an ID on an earlier occasion?
"A. One time.
"Q. And what did that ID show you to be?
"A. 21."

No further evidence was adduced as to the date when the prior purchase of alcoholic beverages occurred or the nature of ID displayed at that time.

On February 16, 1989, the Liquor Control Commission issued an order finding, *inter alia,* appellee in violation as to the sale violation. A suspension of appellant's permits was ordered commencing at noon on March 16, 1989,[1] and ending at noon March 21, 1989. An option was granted in lieu of suspension of forfeiture of $700.00 as permitted by R.C. 4301.252.

A timely appeal was taken to the Lawrence County Court of Common Pleas. The court orally announced a reversal of the Commission order essentially upon the basis that Crowe had previously furnished age identification in a prior purchase of beer from appellee and this was sufficient defense under R.C. 4301.639. The court entered the following judgment:

"This cause having come on for hearing upon the appeal of the Plaintiff-Appellant, Robert B. Slagel and upon the Briefs of Plaintiff-Appellant and the Defendant-Appellee, Ohio Liquor Control Commission and upon the record of the hearing held before the Ohio Liquor Control Commission filed by the Commission with this Court. The Court having examined same, the Court finds that Ohio Revised Code Section 4301.639 (C) is the controlling factor. The Court finds that on the day in question the employee involved was the same employee who had previously requested identification from the minor

and had been provided identification showing said minor was twenty-one (21) years of age. The Court further finds that in this particular case the permit holder had reason to believe pursuant to the statute that the minor was of age. It is ORDERED, ADJUDGED, and DECREED that the appeal of the Plaintiff-Appellant be sustained and that the Order of the Ohio Liquor Commission be reversed and held for naught. Costs paid, record waived thus for the Plaintiff."

A sale of beer to a person under twenty-one years of age is proscribed by R.C. 4301.63. Until 1972 it was settled that the statutory prohibition respecting sale of beer to minors was absolute and a lack of knowledge that the buyer was under age was no defense irrespective of the good faith efforts of the permit holder to assure the minor was of proper age. In short, the permit holder sold at his peril and if a sale occurred in violation of the statute, liquor permits of the seller could be suspended or revoked. *Hanewald d.b.a. Linden Nite Club v. Board of Liquor Control* (1955) 101 Ohio App. 375; 61 Ohio Jurisprudence (1985) 3d. 365, Sec. 190 (Intoxicating Liquors).

In light of such holdings, the General Assembly in Am. Sub. H.B. 453, (134 Ohio Laws, Part II; 1474) enacted, effective September 28, 1972, R.C. 4301.639. The purpose of such act reads as follows:

"To enact sections 4301.639 and 4507.163 of the Revised Code, to prohibit underage persons from exhibiting spurious identification to obtain alcoholic beverages, and to provide that persons who make a bona fide effort to determine the age of an individual buying or receiving may not be penalized for improperly furnishing alcoholic beverages to an underage person," and R.C. 4301.639 read as follows:

"No permit holder, his agent or employee, may be found guilty of violation of any section of Chapter 4301. of the Revised Code or any regulation of the liquor control commission in which age is an element of the offense, if the Liquor Control Commission or any court of record determines that the person buying, at the time of so doing, exhibited to the permit holder, his agent, or employee an operator's or chauffeur's license showing that such person was then of legal age to buy beer or intoxicating liquor and if such permit holder, his agent, or employee made a bona fide effort to ascertain the true age of the person buying by checking the identification presented, at the time of the purchase, to ascertain that the description of the identification compared with

the visual description of the buyer and that the identification presented had not been altered in any way and if the permit holder, his agent, or employee had reason to believe that the person buying was of legal age."

In Am. Sub. H.B. No. 90 (137 Ohio Laws, Part I, 1884), effective January 17, 1978, R.C. 4301.639 which in the form in effect at the time of purported violation which is the subject of this appeal, was amended to read in part here pertinent as follows:

"Sec. 4301.639. No permit holder, his agent, or employee, may be found guilty of A violation of any section of Chapter 4301. of the Revised Code or any regulation of the liquor control commission in which age is an element of the offense, if the liquor control commission or any court of record finds *all of the following:*

"(A) That the person buying, *at the time of so doing,* exhibited to the Permit holder, his agent, or employee an operator's or chauffeur's license or an identification card issued under sections 4507.50 to 4507.52 of the revised code showing that such person was then of legal age to buy beer or intoxicating liquor;

"(B) That the permit holder, his agent, or employee made a bona fide effort to ascertain the true age of the person buying by checking the identification presented, *at the time of the* purchase, to ascertain that the description on the identification compared with the appearance of the buyer and that the identification presented had not been altered in any way;

"(C) That the permit holder, his agent, or employee had reason to believe that the person buying was of legal age." [2] (Emphasis added.)

In an appeal pursuant to R.C. 119.12 the authority of the common pleas court is the following:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."

While the court below did not utilize R.C. 119.12 language, from the judgment entry and the court's oral pronouncement it appears that the court was holding, as a matter of law, that a defense under R.C. 4301.639 was established and

that the Commission order was contrary to law. There is no dispute that there was probative, reliable and substantial evidence that a sale to a minor occurred. The pivotal issue is whether a former purchase of alcoholic beverages where age identification is furnished is sufficient to establish a defense to a subsequent purchase where no age identification is requested or furnished. We hold that, as a matter of law, a defense under R.C. 4301.639 was not established.

The obvious intent of the General Assembly in enacting R.C. 4301.639 was to ameliorate the harsh rule that a permit holder sold at his peril regardless of good faith efforts and reasonable belief that the purchaser was of age. It did so by providing a method whereby the permit holder could avail himself of the defense therein created. By express language the statute provides that *all* three enumerated steps be taken by the permit holder, i.e. (1) that at the time of sale identification was demanded and displayed, (2) that a bona fide effort was made by checking the identification with the appearance of the buyer and (3) the permit holder had reason to believe the buyer was of legal age. Manifestly, when no identification is demanded or furnished, it cannot be checked with the appearance of the buyer. When all requirements are not met, the statutory defense is not established even though the permit holder or his agent believed the buyer was of age.

Accordingly, the reliance of the court below upon the furnishing of identification at an earlier purpose is insufficient. If the General Assembly had intended such to constitute a defense, it would have so provided.

Concluding the order of the Commission was supported by reliable probative and substantial evidence and was in accordance with law, the assignment of error is sustained, the judgment reversed and final judgment entered in favor of appellant.

*Judgment reversed.*

ABELE, J., and HARSHA, J. concur in judgment and opinion.

---

[1] The Commission order recites, *Inter alia,* the following:

"4. The Commission orders subject permit(s) suspended for a period of 7 day(s), said suspension beginning at noon, March 16, 1989, and ending at noon, March 21, 1989."

It would appear that a typographical error occurred in the order, alternatively, less than the stated seven day suspension was intended.

[2] R.C. 4301.639 was amended again effective July 1, 1989 which amendment is not pertinent to this appeal.