[Cite as *Woodford v. Real Estate Comm.*, 2019-Ohio-2885.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Carl Woodford et al., | : | |
| Appellants-Appellants, | : | |
| | : | No. 18AP-778 |
| v. | : | (C.P.C. No. 18CV-4598) |
| Ohio Real Estate Commission, | : | (ACCELERATED CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on July 16, 2019

**On brief:** *Stephen P. Linnen,* for appellants. **Argued:** *Stephen P. Linnen.*

**On brief:** *[Dave Yost],* Attorney General, and *Brian R. Honen,* for appellee. **Argued:** *Brian R. Honen.*

ON APPEAL from the Franklin County Court of Common Pleas

HANDWORK, J.

{¶ 1} This is an appeal from a judgment of the Franklin County Court of Common Pleas that affirmed the order of the Ohio Real Estate Commission ("the commission"), which ordered the revocation of Carl H. Woodford's real estate salesperson's license. Although no action was taken by the commission regarding Woodford Contemporary Real Estate Inc. ("Contemporary"), Contemporary joined in the notice of appeal. For the following reasons, we affirm the judgment of the Franklin County Court of Common Pleas.

## I. Facts and Procedural History

{¶ 2} Woodford held a real estate salesperson license. Benjamin L. Jackson and Woodford entered into an agreement where Woodford's company, First National Cash Refund ("First National") would bid on Jackson's property, which was the subject of a tax foreclosure, at an auction. The two men agreed that if First National were the high bidder,

Jackson could purchase the property back.  First National was the high bidder and paid a deposit.  However, First National failed to complete the purchase but did not inform Jackson.  Between June 21, 2014 and October 28, 2014, Jackson provided $41,000 to Woodford, and First National did not convey the property to Jackson or return the money.  Jackson filed a complaint with the Ohio Division of Real Estate and Professional Licensing ("the division").

{¶ 3}    On November 7, 2017, the division sent Woodford a notice of formal hearing which informed him of charges against him and set a date and time for a formal hearing.  Attached to the hearing notice was Schedule A, which specified the charges against Woodford.  The division served the notice by certified mail to 798 Euclaire Avenue, the address Woodford provided to the division.  The signed, certified mail receipt was returned to the division demonstrating that service had been completed.

{¶ 4}    Subsequently, the division requested a continuance which the hearing officer granted.  On December 18, 2017, the hearing officer held a telephone conference to schedule a new hearing date.  Woodford participated in the telephone conference with counsel for the division and the hearing officer.  The parties agreed to a new hearing date of January 26, 2018 at 10:00 a.m.  The hearing officer then confirmed the new hearing date and time through email.  A new scheduling order was sent by certified mail to Woodford at the Euclaire address.  Woodford did not attend the hearing.

{¶ 5}    After the hearing, on January 29, 2018, the scheduling order was returned marked by the post office as unclaimed and unable to forward.  The division then attempted to send the notice to an address on the returned envelope at 1620 E. Broad St., however, it was mistakenly sent to 1520 E. Broad St.  The mailing was again returned.  Finally, the notice was sent to the 1620 E. Broad St. address.

{¶ 6} On February 1, 2018, the hearing officer issued his report and recommendation finding that Woodford had violated R.C. 4735.18(A)(6) as it incorporates Section 1, Article 1 of the Canons of Ethics for the Real Estate Profession.  The report and recommendation was scheduled for review in front of the commission on March 7, 2018, but continued to May 9, 2018.  As of that date, Woodford had returned $10,000 to Jackson.  The commission adopted the hearing officer's report and recommendation and ordered the

revocation of Woodford's real estate salesperson's license. Woodford and Contemporary filed an appeal to the common pleas court.

{¶ 7} Woodford attempted to supplement the common pleas court record, which the common pleas court denied. The common pleas court found the adjudication order was supported by reliable, probative, and substantial evidence and affirmed the order. Woodford and Contemporary filed a timely notice of appeal.

## II. Assignments of Error

{¶ 8} Woodford and Contemporary appeal and assign the following six assignments of error for our review:

> I. THE COMMON PLEAS COURT ERRED BY EXPRESSLY FINDING THAT APPELLEE'S ADJUDICATION ORDER "WAS IN ERROR OF LAW," YET STILL AFFIRMING IT.
>
> II. THE COMMON PLEAS COURT ERRED IN FINDING THAT APPELLANTS' WERE NOT ENTITLED TO NOTIFICATION PURSUANT TO R.C. §§ 119.07 AND 4735.051(J) PRIOR TO THE EVIDENTIARY HEARING.
>
> III. THE COMMON PLEAS COURT ERRED IN FINDING APPELLANTS WAIVED THE NOTIFICATION REQUIRED BY §§ 119.07 AND 4735.051(J).
>
> IV. THE COMMON PLEAS COURT ERRED IN FINDING THAT A REAL ESTATE LICENSEE'S FAILURE TO IMMEDIATELY UPDATE THE COMMISSION WITH ANY CHANGE OF ADDRESS PROPERLY RESULTS IN REVOCATION OF A REAL ESTATE LICENSE.
>
> V. THE COMMON PLEAS COURT ERRED IN NOT GRANTING APPELLANTS [SIC] MOTION TO SUPPLEMENT THE RECORD.
>
> VI. THE COMMON PLEAS COURT ERRED IN IMPLICITLY FINDING THAT APPELLEE WAS CORRECT IN MOVING FORWARD WITH AN EVIDENTIARY HEARING NOTWITHSTANDING THAT THE FACTUAL ISSUES ARE BEING LITIGATED IN THE COURT OF COMMON PLEAS.

## III. Analysis

## A. Standard of Review

{¶ 9} R.C. 119.12 provides the standard of review for the common pleas court, as follows:

> The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.

{¶ 10} The common pleas court's "review of the administrative record is neither a trial *de novo* nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " *Lies v. Ohio Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). The common pleas court must examine all the evidence to determine whether reliable, probative, and substantial evidence supports the agency's order and whether the order is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110 (1980).

{¶ 11} In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). It is incumbent on the trial court to examine the evidence but the appellate court is to determine only if the trial court has abused its discretion. *Id.* An abuse of discretion " 'implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' " *State, ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster*, 22 Ohio St.3d 191, 193 (1986), quoting *State, ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 590 (1953). On questions of law, however, the court of appeals review is plenary. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.,* 63 Ohio St.3d 339 (1992), paragraph one of the syllabus.

**B. First Assignment of Error**

{¶ 12} In the first assignment of error, Woodford contends that the common pleas court erred by expressly finding that the commission's adjudication order "was in error of law," yet still affirming it. In its decision, the common pleas court stated:

> After a review of the certified record, the Court holds that the Adjudication Order of May 16, 2018 is supported by reliable, probative, and substantial evidence and was *in error of law*.
>
> * * *
> The STAY as filed on June 13, 2018 is lifted.
>
> This Court AFFIRMS the Appellee's Adjudication Order of May 16, 2018.
>
> All other pending motions are DENIED.

(Emphasis added.)

{¶ 13} Woodford is correct that the trial court's wording appears to be an error. However, the language in the ten page decision/entry is clear that the trial court is affirming the adjudication order. The decision/entry is titled, "AFFIRMING THE ADJUDICATION ORDER OF MAY 16, 2018." The decision cites cases that support the commission's findings and concludes that the commission's order is supported by reliable, probative, and substantial evidence. It is clear from the decision that the trial court typed the language, "was in error of law," in error, but that phrase is not sufficient to reverse the commission's order. Woodford's first assignment of error is overruled.

**C. Second and Third Assignments of Error**

{¶ 14} In his second assignment of error, Woodford contends that the common pleas court erred in finding that appellants were not entitled to notification pursuant to R.C. 119.07 and 4735.051(J) prior to the evidentiary hearing and in his third assignment of error, Woodford contends that that the common pleas court erred in finding he waived the notification required by R.C. 119.07 and 4735.051(J). Woodford claims that since the hearing notice sent by ordinary mail was sent after the hearing, he suffered prejudice by the failure of the commission to ensure that its notification was issued prior to the hearing. Since these assignments of error are related, we shall address them together.

{¶ 15} No adjudication order is valid unless the party who is the subject of the order has been given an opportunity for a hearing in accordance with R.C. 119.01 to 119.06. Pursuant to R.C. 119.07, the agency must give the party notice informing the party of his right to a hearing. *Beach v. Ohio Bd. of Nursing*, 10th Dist. No. 10AP-940, 2011-Ohio-3451, ¶ 26.

{¶ 16} On November 7, 2017, the division sent a Notice of Formal Hearing to Woodford informing him of the charges against him as well as setting a date and time for a formal hearing. Schedule A was attached to the Notice and it provided the specific charges against Woodford. The Notice was served by certified mail at the Euclaire address and the signed, certified mail receipt was returned to the division indicating that service was completed. The commission complied with procedural due process by affording Woodford notice and an opportunity to be heard. However, the hearing date was changed.

{¶ 17} Under these circumstances, the order of the commission is not invalidated because of the failure to provide notice to Woodford. In this case, Woodford had actual knowledge of the hearing. On December 18, 2017, the hearing officer held a telephone conference to schedule a new hearing date and Woodford participated in the telephone conference when the parties agreed to a new hearing date of January 26, 2018 at 10:00 a.m. Not only did Woodford have knowledge of the new hearing date, but he actively participated in choosing the new date. Regardless of the fact that the commission failed to properly send a new scheduling order to Woodford in a timely manner, Woodford waived any objection to the form of the notice by his participation in the rescheduling of the hearing. *Fogt v. Ohio State Racing Comm.*, 3 Ohio App.2d 423, 425 (3d Dist.1965)(concluding that " '[a] person entitled to statutory notice may waive it, or any feature of it, or may, by his conduct, acknowledge the giving of notice to him, so as to be precluded from afterward challenging the proceeding for want of notice.' " 41 Ohio Jurisprudence 2d 47, Section 28.) The *Fogt* court continued stating, "[K]nowledge is not notice, but knowledge, coupled with facts showing an express waiver and consent, precludes any subsequent objection to the form of notice." *Id.* Here, Woodford had knowledge and waived any subsequent objection to the form of notice by actively participating in choosing the hearing date.

{¶ 18} Moreover, this argument misconstrues the common pleas holding. The common pleas court did not make a finding that Woodford was not entitled to notification

of the hearing as Woodford's assignment of error suggests. Rather, the common pleas court held that Woodford failed to update his address with the Division and that Woodford's due process rights were not violated because he had actual knowledge of the hearing. We find the common pleas court did not abuse its discretion in so holding. Woodford's second and third assignments of error are overruled.

## D. Fourth Assignment of Error

{¶ 19} In his fourth assignment of error, Woodford contends that the common pleas court erred in finding that a real estate licensee's failure to immediately update the commission with any change of address properly results in revocation of a real estate license. Again, Woodford misstates the holding of the common pleas court. The common pleas court did not find that Woodford's failure to immediately update the division with his change of address should result in the revocation of his real estate salesperson's license. The common pleas court did find that Woodford's failure to update his address with the division resulted in the delay of his receipt of the hearing officer's scheduling order.

{¶ 20} R.C. 4735.14(D) requires a licensee "shall notify the superintendent of a change in personal residence address." The scheduling notice was initially sent to the last address provided by Woodford. Thus, the common pleas court found that Woodford's failure to update his address with the division resulted in the delay of his receipt of the hearing officer's scheduling order. However, given that we have found that the common pleas court did not err in finding that Woodford had actual knowledge of the hearing because he participated in its scheduling, even if this finding by the common pleas court were in error, it would be harmless. Woodford's fourth assignment of error is overruled.

## E. Fifth Assignment of Error

{¶ 21} Woodford contends in his fifth assignment of error that the common pleas court erred in not granting his motion to supplement the record. On August 9, 2018, Woodford filed a motion to supplement the record. Woodford submitted documents with his brief and motion to supplement the record, however the common pleas court denied the motion because the evidence was not newly discovered. R.C. 119.12(K) provides:

> Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that the additional evidence is newly discovered and

could not with reasonable diligence have been ascertained prior to the hearing before the agency.

{¶ 22} The common pleas court determined that the exhibits were documents in Woodford's possession prior to the date of the hearing except for his affidavit.

{¶ 23} The documents that Woodford wanted to supplement the record with include: (1) a copy of a complaint of a case filed in common pleas in December 2010, involving the tax lien foreclosure; (2) the judgment entry confirming the sale dated May 29, 2014; (3) a copy of a settlement demand from Jackson, dated September 12, 2016; (4) Woodford's affidavit, dated August 9, 2018; (5) cashier's check made to Jackson dated June 28, 2018; (6) motion to stay sheriff's sale served March 23, 2018; (7) entry granting motion for stay dated April 5, 2018; (8) Entry granting motion for stay and vacating sheriff's sale, dated April 6, 2018 and (9) an affidavit from Beverly Woodford, dated August 9, 2018. None of these documents meet the requirements of R.C. 199.12(K) because they did not exist at the time of the hearing and therefore, were not part of the record as certified by the agency, or they were not newly discovered. Woodford argues that he was unable to present this evidence because he did not have notice of the hearing, however, he does not present any argument regarding the evidence meeting the R.C. 119.12(K) standard for additional evidence. The trial court did not err in denying his motion to supplement. Woodford's fifth assignment of error is overruled.

## F. Sixth Assignment of Error

{¶ 24} In his sixth assignment of error, Woodford contends that the common pleas court erred in implicitly finding that the commission was correct in moving forward with an evidentiary hearing notwithstanding that the factual issues were being litigated in the court of common pleas. Woodford argues that the commission should have abstained from its proceedings until the case in Franklin C.P. No. 10CV-019017 was resolved.[1]

{¶ 25} The commission's enabling statute provides the commission's jurisdiction and powers. *Parrish v. Ohio Real Estate Comm.*, 10th Dist. No. 05AP-313, 2005-Ohio-6375. R.C. 4735.18 grants the Superintendent of Real Estate the power to investigate the conduct of licensees for specific violations, including "dishonest or illegal dealings, gross negligence, incompetency, or misconduct." R.C. 4735.18(A)(6). The proceedings before

---

[1] Jackson was granted summary judgment in Franklin C.P. No. 10CV-019017 on February 28, 2019.

the commission involved Woodford's violation of R.C. 4735.18(A)(6), as it incorporates Section I, Article I of the Canons of Ethics for the Real Estate Industry. The jurisdiction over those proceedings is vested in the division and commission through R.C. 4735.18. The commission, not the common pleas court, was granted the authority to determine whether Woodford's conduct constituted misconduct. Thus, the commission did not need to abstain from its proceedings until the common pleas court case in Franklin C.P. No. 10CV-019017 was resolved. Woodford's sixth assignment of error is overruled.

## IV. Conclusion

{¶ 26} For the foregoing reasons, we overrule Woodford's six assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER and BEATTY BLUNT, JJ. , concur.

HANDWORK, J., retired, of the Sixth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____